Filed 2/7/25  P. v. Barragan CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335687 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. TA152980 |
| v. | |
| JUAN BARRAGAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Reversed and remanded.

Law Offices of Andy Miri and Andy Miri for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Shezad Thakor and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

_____

We remand for resentencing.  Unspecified code citations are to the Penal Code.

We stated the circumstances of Juan Barragan's crime in our 2023 opinion.  In brief, Barragan and another man beat the victim at a gas station and robbed him of his car.  We grant the prosecution's request to take judicial notice of the record in that appeal.  (See *People v. Barragan* (Jan. 12, 2023, B318424) [nonpub. opn.] (*Barragan I*).)  We now incorporate all facts from that 2023 opinion.

In 2023, we upheld Barragan's carjacking conviction but vacated his 23-year prison sentence.  (*Barragan I*, *supra*.)  The sentencing issue hinged on changes to section 1170, which governs this sentencing.  (*See id.*)

Barragan argued the trial court incorrectly imposed the upper term for carjacking based on aggravating factors the *jury* did not consider.  This would violate subdivisions (b)(1) and (2) of the amended statute.  We noted appellate courts were split on the standard for harmless error and reversed based on another part of the amended statute:  new subdivision (b)(6) required the lower term in certain circumstances, and the trial court did not correctly apply this provision.  (*Barragan I*, *supra*.)  We remanded for resentencing under amended section 1170, subdivision (b).  (*Id.*)

On remand, in September 2023, the trial court held a brief hearing and imposed the same sentence—23 years—consisting of the upper term of nine years for carjacking, doubled due to a prior strike, plus five years for a prior serious felony conviction enhancement.

Before imposing this sentence, the trial court weighed mitigating and aggravating factors as outlined in subdivision

(b)(6).  The court, however, did not state a sufficient basis for imposing the upper term.  (See § 1170, subd. (b)(5) ["The court shall set forth on the record the facts and reasons for choosing the sentence imposed"].)

The court appeared to impose the upper term by relying on aggravating circumstances that no jury found true beyond a reasonable doubt and that the defense did not concede.  The statute requires an approach the court did not take.

The court appeared to find Barragan's carjacking crime involved both great violence and a particularly vulnerable victim, in addition to relying on Barragan's certified record of conviction. (See Cal. Rules of Court, rule 4.421(a)(1) & (3).)

This was error because, absent a defense stipulation, and excluding prior convictions and court trials, it must be a jury that finds each aggravating fact used to justify an upper term. (§ 1170, subds. (b)(1)–(3); *People v. Lynch* (2024) 16 Cal.5th 730, 755 & 757 (*Lynch*).)

After trial, trial courts cannot make this finding on their own.  Jury involvement is essential, but here was missing.  "[T]he facts supporting *every* aggravating circumstance upon which the trial court relies to justify imposition of the upper term must be properly proven as the statute requires. . . .  [T]he defendant is no longer eligible for the upper term simply because an aggravating fact exists.  Instead, the defendant may be properly sentenced to an upper term only if the *jury* finds facts that, in the trial court's view, justify an upper term sentence."  (*Lynch, supra,* 16 Cal.5th at p. 757, italics added and quotation marks omitted.)

The prosecution acknowledges the trial court's error but argues it was harmless.

We cannot say the omission of jury findings was harmless beyond a reasonable doubt as to *every* aggravating fact used to justify this upper term sentence. (*See Lynch*, *supra*, 16 Cal.5th at pp. 768, 775, 776.)

A reasonable jury might conclude this victim was not particularly vulnerable. (*See Lynch*, *supra*, 16 Cal.5th at pp. 775–776 [vulnerable victim aggravating circumstance requires an imprecise quantitative or comparative evaluation of the facts, which may make it difficult to conclude with confidence how a jury would have resolved this question].)

"A victim is considered particularly vulnerable 'where the age or physical characteristics of the victim, or the circumstances under which the crime is committed, make the defendant's act especially contemptible. [Citation.]' " (*People v. Lewis* (2023) 88 Cal.App.5th 1125, 1138 (*Lewis*), disapproved of on other grounds by *Lynch*, *supra*, 16 Cal.5th 730; see also *Lewis*, *supra*, 88 Cal.App.5th at p. 1138 [expanding on "particularly vulnerable" and "vulnerability"].) Examples of particularly vulnerable victims include people attacked while asleep or unconscious, elderly victims living alone who are attacked at home, and victims of gross vehicular manslaughter. (*Ibid.*)

The video footage of Barragan's crime showed him approach the victim's car at a gas station—a public place with security cameras—while the victim stood by another car. The *victim* then approaches Barragan, and there appears to be a quick verbal exchange between the two that we cannot hear. The victim seems larger than middle-aged Barragan. The victim does not appear to be infirm, incapacitated, or taken by surprise.

Barragan fights the victim, and his nephew joins in the attack. A minute of violence ensues.

A reasonable jury could conclude this crime did not involve a victim who was particularly vulnerable at the outset of the violence. (Cf. *People v. DeHoyos* (2013) 57 Cal.4th 79, 86 & 155 [child victim was particularly vulnerable because defendant approached her while she walked home from school alone, represented himself to be a teacher needing help, and then drove her to a motel where he sexually assaulted and killed her].)

Remand for resentencing thus is warranted. (*See Lynch*, *supra*, 16 Cal.5th at pp. 768 & 776.)

We note Barragan did not establish the trial court abused its discretion in refusing the lower term. (See *People v. Salazar* (2023) 15 Cal.5th 416, 428, fn. 8 [applicable standard is abuse of discretion].) A trial court properly may reject the lower term if it concludes aggravating factors outweigh the mitigating factors such that imposing the lower term would run contrary to the interests of justice. (§ 1170, subd. (b)(6).) The court has broad discretion in making this determination. (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 204–205.)

The trial court accepted that Barragan had experienced past trauma but concluded there was no nexus between any mental health issue and Barragan's crime. The court also found aggravating factors outweighed mitigating factors. We cannot say the court's balancing was unsound, particularly because Barragan has not included in our record the key documents the trial court considered—a psychologist report and medical records.

///
///
///

## DISPOSITION

We reverse the resentencing order and remand for further proceedings and resentencing consistent with *Lynch* and this opinion.  We express no opinion as to what sentence the trial court should impose.


WILEY, J.

We concur:


STRATTON, P. J.


GRIMES, J.